PAUL L. REIN, Esq., (SBN 43053)
JULIE A. OSTIL, Esq., (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

Attorneys for Plaintiff
PATRICIA BERNE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PATRICIA BERNE,

    Plaintiff,

v.

CHAMPS SPORTS; FOOT LOCKER RETAIL, INC.; EMPORIUM MALL LLC; WESTFIELD CORPORATION; and DOES 1-25, Inclusive,

    Defendants.

CASE NO. C07-01509
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND §55; and HEALTH & SAFETY CODE §§19955, *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

**DEMAND FOR JURY TRIAL**

Plaintiff PATRICIA BERNE complains of defendants CHAMPS SPORTS; FOOT LOCKER RETAIL, INC.; EMPORIUM MALL LLC; WESTFIELD CORPORATION; and DOES 1-25, Inclusive, and each of them, and alleges as follows:

1.    **INTRODUCTION:** This case involves the denial of accessible facilities, to plaintiff and other disabled persons, at CHAMPS SPORTS, a retail store and public facility located at the San Francisco Centre, 865 Market Street, San Francisco, California. Plaintiff PATRICIA BERNE is a "person with a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -1-    S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

disability" or "physically handicapped person," who requires the use of a motorized wheelchair for mobility, and is unable to use portions of public facilities which are not accessible to physically disabled persons who use a wheelchair. Plaintiff was denied her rights to full and equal access at these facilities, and was denied her civil rights under both California law and federal law, as hereinbelow described, because these facilities were not, and are not now, properly accessible to physically disabled persons, such as plaintiff, including those who use wheelchairs, walkers, crutches, or other assistive devices and are unable to climb or descend stairs or safely use an escalator. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible entry and accessible paths of travel, and other access as described herein. Plaintiff also seeks recovery of damages for her discriminatory experiences, and denial of access and denial of her civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable attorney fees, litigation expenses and costs, according to statute.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*; California Health & Safety Code §19955, *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

3. **VENUE:** Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

4.      **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5.      **PARTIES:** Plaintiff is a qualified physically disabled person, a quadriplegic, who requires use of a motorized wheelchair for locomotion. Defendants are the owners, operators, lessors, and lessees of the San Francisco Centre, a major shopping mall located at 865 Market Street, San Francisco, California, and of CHAMPS SPORTS (hereinafter "Champs"), a retail store and public facility located inside the San Francisco Centre. Defendants are responsible for owning, operating, and maintaining all areas of the subject premises, each of which constitute public facilities and public accommodations. Each of the subject areas, premises, and facilities complained of herein is owned and/or leased and operated by the named defendants and is a "public facility" and "public accommodation" subject to the requirements of Title III of the Americans With Disabilities Act of 1990 and of California Health & Safety Code §§ 19955, *et seq.* and of California Civil Code §§ 54, 54.1 *et seq.* Such facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building and/or facility to disabled access requirements per Health & Safety Code §§ 19955-19959, *et seq.* Such construction and alterations have also occurred since July 1, 1982, and also subject each such building and/or facility to requirements of California's Title 24, the State Building Code. Further, irrespective of the construction and alteration history, all such premises and facilities are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), per 42 U.S.C. 12181*ff*, and, as to construction or alteration since 1993, subject also to § 303 of the ADA [42 USC 12183].

6.      The true names and capacities of Defendants DOES 1-25, Inclusive,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -3-    S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7. Defendants CHAMPS SPORTS; FOOT LOCKER RETAIL, INC.; EMPORIUM MALL LLC; WESTFIELD CORPORATION; and DOES 1-25, Inclusive, are and were the owners, operators, lessors and/or lessees of the subject business, premises, facilities and property at times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY (California Health & Safety Code §§ 19955, *et Seq.*, Civil Code §§ 54*ff*)**

8. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

9. Plaintiff PATRICIA BERNE and other similarly situated physically disabled persons, including those who require the use of a wheelchair, walker, crutches, cane or other assistive device, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955, *et seq.* Plaintiff is a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -4-     S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, *et seq.*

10. Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the multiple public facilities and public accommodations which are located within the property owned and operated by defendants. Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each construction and/or alteration which occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out construction and/or alterations, structural repairs, or additions to the subject premises, facilities, and buildings during the period Title 24 has been in effect.

11. **FACTUAL STATEMENT:** On or about September 8, 2006, plaintiff PATRICIA BERNE was denied full and equal access to defendants' premises. Plaintiff is a physically disabled person, who cannot walk, and who requires use of a motorized wheelchair. On this occasion plaintiff visited the large and modern shopping mall known as the San Francisco Centre, located at 865 Market St., San Francisco (hereinafter sometimes "the Mall"). Plaintiff entered the Mall on Level C, through an entrance adjacent to the BART station, and one level below the first floor "street level" entrance to the Mall, and located the entrance to the Champs store. Just inside the entrance to the Champs store she discovered that the entire merchandise area of the Champs store was located on a lower level, reached either by an escalator or by descending a stairway (later

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -5-      S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

determined by plaintiff's representatives to be a flight of 24 stairs) on the side of the two escalators. Although there was a wheelchair lift (a "stair lift") installed on the stairway, apparently intended to provide wheelchair access down to the Champs shopping area, the lift was apparently "out of order" and apparently had been that way for an unknown previous period of time. Further, the approach to the top of the stair lift was blocked by a number of large apparent garbage bags, so plaintiff could not reach the top of the stair lift to attempt to operate it. The lift did not appear to be in operation and appeared to be blocked off so that people in wheelchairs would not attempt to use the lift. On information and belief, and based on later inspection by plaintiff's representatives, had plaintiff been able to reach the stair lift, she would have discovered that it was not in operable condition; if she had been able to use the stair lift and travel to the store's merchandise level, she would have found the store so jammed with merchandise that virtually no areas of the store could have been accessed by a wheelchair user.

12. On information and belief, defendants and each of them knew or should have known that this lift was out of order, and that disabled persons, including plaintiff, were denied access on a day-by-day basis. Defendants, in conscious disregard for the rights of disabled persons, failed to take prompt action to repair the lift even when its inoperable condition was brought to their attention.

13. On or about January 30, 2007, Barry Atwood, an access consultant retained by plaintiff's attorneys, and who cannot walk and uses a power wheelchair for mobility, went to the Mall and the Champs store to investigate plaintiff's complaint. When he reached the top of the stairs and the apparent wheelchair "stair lift" inside the entrance to the Champs store, he found that the lift did not respond to his attempts to operate it. There was no means of communication to notify a Champs employee that a disabled person on the entry level needed assistance. After some twenty minutes of waiting, Mr. Atwood, who uses a wheelchair, was able to get a passerby to go down the escalator into the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -6-    S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

store and notify a Champs employee that a disabled person needed to use the stair lift in order to reach the store. An employee then came up the stairs and talked with Mr. Atwood, telling him that the <u>stair lift had been out of order for at least three months</u>, and that three requests had been made to the mall management to fix the stair lift, without response. On information and belief, the lack of access was known not only to the Champs employees, but also the Champs employees had notified the owners and operators of the Mall, but that no one had repaired the stair lift for at least a number of months.

14. On information and belief, all defendants have been aware that the stair lift either doesn't work at all or was frequently out of order and unavailable for use by disabled persons for extended periods of time, but in conscious disregard of the rights of physically disabled persons, defendants have failed to properly repair, maintain, or replace the malfunctioning stair lift. Plaintiff complains of all owners, operators, lessors and lessees during the relevant times mentioned in this Complaint, including the times of her attempted visit, the time of filing of this Complaint, and continuing.

15. On information and belief, at all times relevant to this Complaint, including September 8, 2006, and continuing to the present, the aisleways of the Champs store have been blocked by their narrow width and the existence of displayed merchandise so that they are not accessible for use by physically disabled persons, including those who use wheelchairs, such as plaintiff, even if such disabled persons managed to reach the merchandise areas of the Champs store.

16. These public facilities are all inaccessible to persons with disabilities - and will continue to be inaccessible in the future unless changed and improved - in multiple aspects, all rendering these premises inaccessible to and unuseable by physically disabled persons. All areas complained of are common public facilities open to use for all members of the public. All facilities must be brought into

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -7-    S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

1  compliance with all applicable federal and state code requirements.

2   17.   Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

18.   Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

19.   **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled, including those who use wheelchairs, walkers or crutches, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with a disability who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and is deterred from using these facilities until they are made properly accessible to disabled persons. Plaintiff alleges that she intends, once legally required access has been provided, to make

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -8-   S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

use of these facilities. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

20. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code §19953 and California Civil Code §55, and other law. Plaintiff further requests that the court award damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

21. **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered violation of her civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, and mental and emotional injuries, all to her damages per Civil Code §54.3, including statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use these public facilities on a full and equal basis as other persons. On information and belief, plaintiff has been denied access on a continuing and day-to-day basis since September 8, 2006, and will continue to be denied access until proper access is provided.

22. **TREBLE DAMAGES :** All of those defendants who owned and operated the facilities as of the date of plaintiff's visit, September 8, 2006, and at

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -9-   S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

1  all times since that date, have knowingly continued to maintain inaccessible
2  premises despite actual and implied knowledge that their premises were illegally
3  inaccessible.  On information and belief, the stair lift was also inoperable for
4  many months *prior* to plaintiff's visit, and has remained inoperable for many *after*
5  plaintiff's September 8, 2006 visit and *after* the January 30, 2007 visit of access
6  consultant Barry Atwood, according to proof.  Such defendants are responsible
7  for treble damages per California Civil Code § 54.3, three times "actual"
8  damages, including general damages and damages for physical, mental and
9  emotional injuries, because they continued to deny access for an extended period
10 of time despite actual or implied knowledge that they were denying access to
11 physically disabled persons.

12  23.  **FEES AND COSTS:** As a result of defendants' acts, omissions, and
13 conduct, plaintiff has been required to incur attorney fees, litigation expenses, and
14 costs as provided by statute, in order to enforce plaintiff's rights and to enforce
15 provisions of the law protecting access for disabled persons and prohibiting
16 discrimination against disabled persons.  Plaintiff therefore seeks recovery of all
17 reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions
18 of California Civil Code §§ 54.3 and 55, and California Health & Safety Code
19 §19953 *ff*.  Additionally, plaintiff's lawsuit is intended to require that defendants
20 make their facilities accessible to all disabled members of the public, justifying
21 "public interest" attorney fees, litigation expenses and costs pursuant to the
22 provisions of California Code of Civil Procedure §1021.5 and other applicable
23 law.

24       Wherefore plaintiff prays for relief as hereinafter stated.
25 //
26 //
27 //
28 //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -10-     S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

## SECOND CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
## CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,
## ON THE BASIS OF DISABILITY

24.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 23, above, and incorporates them herein by reference as if separately repled hereafter.

25.  At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

26.  Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code §52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -11-     S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

# THIRD CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101*FF*

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 26 of this Complaint, and incorporates them herein as if separately repled.

28. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

29. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

30. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject properties and facilities are among the "private entities" which are considered "public accommodations" for purposes of this title, including, per § 301(7)(E), any "... hardware store, shopping center, or other sales or rental establishment,"

31. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

32. Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36*ff*.

33. As an alternative basis for liability, the removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, construction, alterations, structural repairs and/or additions during and since the year 1993 have independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA [42 USC 12183], as well as per California Health and Safety Code §19959. On information and belief, the subject stair lift was installed and has continuously or intermittently been maintained in an inaccessible condition during the period subsequent to the effective date of ADA § 303 [42 USC 12183].

34. On information and belief, as of the date of plaintiff's September 8, 2006 encounter at the subject premises and facilities, and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiff on the basis of her disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

35. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -14-        S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before plaintiff's encounters as previously discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

36. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the premises in the future.

Wherefore plaintiff prays for relief as hereinafter stated.

## PRAYER

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises hereinabove described to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the defendants until such time as the Court is

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES         -15-         S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd

satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

    3.    Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages, in amounts within the jurisdiction of the Court, all according to proof;

    4.    Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

    5.    Grant such other and further relief as this Court may deem just and proper.

Dated: March 13, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
PATRICIA BERNE

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: March 13, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
PATRICIA BERNE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -16-     S:\SLR\CHAMPS\PLEADINGS\CHAMPS.CMP.wpd