PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel:    (510) 832-5001

Attorney for Plaintiff
PATRICIA BERNE

GABRIELLE HANDLER MARKS, Esq. (SBN 203733)
RANDALL HAIMOVICI, Esq. (SBN 213635)
AMIR NASSIHI, Esq. (SBN 235936)
WILLIAM C. MARTUCCI, Esq. (*admitted Pro Hac Vice*)
SHOOK HARDY & BACON LLP
333 Bush Street, 6th Floor
San Francisco, CA 94104
Tel:    (415) 599-1900

Attorneys for Defendants
CHAMPS SPORTS; FOOT LOCKER RETAIL, INC.;
EMPORIUM MALL LLC; WESTFIELD CORPORATION;
and SAN FRANCISCO CENTRE ASSOCIATES, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BERNE,<br><br>            Plaintiff,<br><br>v.<br><br>CHAMPS SPORTS; FOOT LOCKER RETAIL, INC.; EMPORIUM MALL LLC, WESTFIELD CORPORATION; SAN FRANCISCO SHOPPING CENTRE ASSOCIATES, L.P.; and DOES 1 – 25, Inclusive,<br><br>            Defendants. | Case No.  C07-01509 WHA<br>Civil Rights<br><br>**JOINT STIPULATION TO ENTRY OF SETTLEMENT AGREEMENT AND ORDER** |

COME NOW Plaintiff Patricia Berne and Defendants Champs Sports and Foot Locker Retail, Inc., by and through their undersigned counsel, and hereby jointly advise the Court that they have resolved all of the claims at issue in this case and that they stipulate to the Court's entry of the Settlement Agreement and Order, which has been executed by the parties and their respective counsel.  The Settlement Agreement and Order is attached hereto as Exhibit A.

1    Dated: July 9, 2008                                                 Respectfully Submitted,

2                                                         LAW OFFICES OF PAUL L. REIN

3

4                                                         By: /S/: Paul L. Rein

5                                                              PAUL L. REIN
                                                             Attorneys for Plaintiff

6                                                               PATRICIA BERNE

7                                                        AND

8                                                        SHOOK, HARDY & BACON

9

10                                                    By: /S/: Amir Nassihi
11                                                          AMIR NASSIHI
                                                         Attorneys for Defendants
12                                                          CHAMPS SPORTS, FOOT LOCKER
                                                         RETAIL, INC., EMPORIUM MALL
13                                                          LLC, WESTFIELD CORPORATION,
                                                         and SAN FRANCISCO CENTRE
14                                                          ASSOCIATES, L.P.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| | |
|---|---|
| 1 | PAUL L. REIN, Esq. (SBN 43053) |
| | JULIE A. OSTIL, Esq. (SBN 215202) |
| 2 | LAW OFFICES OF PAUL L. REIN |
| | 200 Lakeside Dr., Suite A |
| 3 | Oakland, CA 94612 |
| | (510) 832-5001 |
| 4 | |
| | Attorney for Plaintiff: |
| 5 | PATRICIA BERNE |

GABRIELLE HANDLER MARKS, Esq. (SBN 203733)
WILLIAM C. MARTUCCI, Esq. (admitted *Pro Hac Vice*)
SHOOK HARDY & BACON LLP
333 Bush Street, 6th Floor
San Francisco, CA 94104
(925) 939-5330

Attorneys for Defendants:
CHAMPS SPORTS; FOOT LOCKER RETAIL, INC.; EMPORIUM MALL LLC;
WESTFIELD CORPORATION; and SAN FRANCISCO CENTRE ASSOCIATES, L.P.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BERNE, | CASE NO. C07-01509 WHA |
| Plaintiff, | <u>Civil Rights</u> |
| v. | **SETTLEMENT AGREEMENT AND ORDER** |
| CHAMPS SPORTS; FOOT LOCKER RETAIL, INC.; EMPORIUM MALL LLC; WESTFIELD CORPORATION; SAN FRANCISCO SHOPPING CENTRE ASSOCIATES, L.P.; and DOES 1-25, Inclusive, | |
| Defendants. | |

## SETTLEMENT AGREEMENT AND ORDER

1. Plaintiff PATRICIA BERNE filed a First Amended Complaint in this action on January 10, 2008, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and California civil rights laws against Defendants CHAMPS SPORTS; FOOT LOCKER RETAIL, INC.; EMPORIUM MALL LLC; SAN FRANCISCO CENTRE ASSOCIATES, L.P.; WESTFIELD CORPORATION;[1] and DOES 1-25, Inclusive. Plaintiff has alleged that Defendants violated Title III of the ADA and sections

---

[1] Westfield, LLC ("Westfield") was erroneously sued as Westfield Corporation.

Settlement Agreement and Order: Case No.
C07-1509 WHA

— 1 —

51, 52, 54.1, and 55 of the California Civil Code, and sections 19955, *et seq.*, of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Champs Sports store located inside of the San Francisco Centre at 865 Market Street, San Francisco, California, when plaintiff visited the subject facility on September 8, 2006.

2. Defendants deny the allegations in the Complaint and by entering into this Settlement Agreement and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Settlement Agreement and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Settlement Agreement agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C §§ 12101, *et seq.*, and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code § 19955, *et seq.*, including § 19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1, §54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Settlement Agreement agree to entry of this Order to resolve all claims for relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

WHEREFORE, the parties to this Settlement Agreement hereby agree and stipulate to the Court's entry of this Settlement Agreement and Order, which provides as follows:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Settlement Agreement and Order: Case No.
C07-1509 WHA

- 2 -

## SETTLEMENT OF INJUNCTIVE RELIEF:

5. This Order shall be a full, complete, and final disposition and settlement of all of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Settlement Agreement and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work set forth in Attachment A to this Settlement Agreement will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement and Order:

a) <u>Remedial Measures</u>: The injunctive relief agreed upon by the Parties is attached as Attachment A to this Settlement Agreement, which is incorporated herein by reference as if fully set forth in this document. Defendants CHAMPS SPORTS and FOOT LOCKER RETAIL, INC. agree to undertake all remedial work set forth in Attachment A.

b) <u>Timing of Injunctive Relief</u>: As appropriate, Defendants CHAMPS SPORTS and FOOT LOCKER RETAIL, INC. will submit plans for all corrective work to the appropriate building department within 30 days of entry of this Settlement Agreement and Order by the court, will commence work within 30 days of receiving approval from the building department, and will complete work within 30 days of commencement. For work not requiring building permits, the work will be completed within 30 days of entry of this Settlement Agreement and Order by the court. In the event that unforeseen difficulties prevent Defendants CHAMPS SPORTS and FOOT LOCKER RETAIL, INC. from completing any of the agreed-upon injunctive relief within the agreed-upon timeframe, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Settlement Agreement and Order: Case No.
C07-1509 WHA

— 3 —

1 completed, and in any case will provide a status report no later than 120 days from the entry of
2 this Settlement Agreement and Order.

### NOTICE AND OPPORTUNITY TO CURE:

4     7. If Plaintiff or her counsel believe that this agreement has not been complied
5 with, they will provide notice and an opportunity to cure to Defendants as herein described.
6 Plaintiff's counsel will provide written notice of any alleged violation of the agreement to
7 defense counsel, and also to each of the Defendants (addressed to the respective Defendant, and
8 with the notation, "Attn: Legal Department"). The addresses to which notice shall be provided
9 are as follows:

| *Defendants' Counsel* | *Westfield and Emporium Mall* | *Foot Locker Retail/Champs Sports* |
|---|---|---|
| William C. Martucci, Esq. | Westfield, LLC | Foot Locker Retail, Inc. |
| Shook, Hardy & Bacon LLP | (Attn: Legal Department) | (Attn: Legal Department) |
| 2555 Grand Blvd. | 11601 Wilshire Blvd., 11th Fl. | 112 West 34th Street |
| Kansas City, MO 64108 | Los Angeles, CA 90025 | New York, NY 10120 |

14 Within 30 days of receiving such notice, Defendants or their counsel will either notify Plaintiff
15 that the alleged defect has been cured and allow Plaintiff or her representatives an opportunity
16 to verify that the defect has been corrected, or else will hold a "meet and confer" conference
17 with Plaintiff's counsel, either by telephone or in person. The parties will make a good faith
18 effort to resolve any issue regarding compliance with this Settlement Agreement during the
19 meet and confer. If the parties are unable to resolve the issue on their own, then Plaintiff will
20 file a regular noticed motion (on at least 35 days' notice) with the Court to enforce compliance
21 with the Agreement. If the parties are able to resolve the issue without court intervention,
22 Plaintiff will not make any claim for attorney fees or for statutory damages (Plaintiff does not,
23 however, waive personal injury damages if she is injured). If Plaintiff files a motion, she
24 reserves the right to seek attorney fees in connection with the enforcement proceedings, if any.
25 Defendants do not concede Plaintiff's entitlement to such fees.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Settlement Agreement and Order: Case No.
C07-1509 WHA

— 4 —

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

8. The parties have reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs. Defendants CHAMPS SPORTS and FOOT LOCKER RETAIL, INC. shall pay the agreed-upon sum (memorialized in a separate Settlement Agreement) by means of a check made payable to "Paul L. Rein in Trust for Patricia Berne." Payment shall be made within 30 days of the parties' execution of this Agreement and the separate Settlement Agreement, whichever occurs later. By virtue of this payment, Defendants shall have paid all sums owed by any of the Defendants to Plaintiff, Plaintiff's counsel, or anyone else under this Agreement. This payment shall resolve all claims for damages of any kind under federal, state, or local law, including statutory damages, personal injury damages, and civil rights damages, as well as all claims for attorney fees, litigation expenses and costs relating to this matter.

## CONFIDENTIALITY/PUBLICITY:

9. The parties to this Agreement agree not to hold any press conferences, issue any press releases, or otherwise actively publicize any aspect of this lawsuit or of the settlement. Further, no party will publicly disclose the monetary settlement of this lawsuit. However, Plaintiff and her counsel shall be permitted to share the details of the settlement, including the monetary amounts, in confidential settlement proceedings in other lawsuits. No other confidentiality agreement of any kind is contemplated or binding upon the parties.

## ENTIRE SETTLEMENT AGREEMENT:

10. This Settlement Agreement and Order, Attachment A to this Settlement Agreement, which is incorporated herein by reference as if fully set forth in this document, and the parties' separate Settlement Agreement concerning the monetary payment constitute the entire agreement between the signing parties on the matters described in each document, and no other statement, promise, or agreement, either written or oral, made by any of the parties or

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Settlement Agreement and Order: Case No.
C07-1509 WHA

− 5 −

agents of any of the parties, that is not contained in such documents, shall be enforceable regarding the matters described therein.

**ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

11. This Settlement Agreement and Order shall be binding on Plaintiff PATRICIA BERNE, Defendants CHAMPS SPORTS and FOOT LOCKER RETAIL, INC., and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

12. Each of the parties to this Settlement Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which is unknown or unanticipated at the time this Settlement Agreement is signed. Except for all obligations required in this Settlement Agreement, the parties intend that this waiver shall apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Settlement Agreement. Therefore, except for all obligations required in this Settlement Agreement, this Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Agreement with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

13. Except for all obligations required in this Settlement Agreement, each of the parties to this Agreement, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

## TERM OF THE SETTLEMENT AGREEMENT AND ORDER:

14. This Settlement Agreement and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Settlement Agreement and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Settlement Agreement and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

## DISMISSAL OF ACTION:

15. Within ten days of entry of this Order by the Court, the parties shall file a stipulation agreeing to dismiss with prejudice Defendants Westfield Corporation, Emporium Mall LLC, and San Francisco Centre Associates, L.P. Within ten days of payment of the agreed-upon settlement amount, the remaining Defendants will be dismissed with prejudice.

## SEVERABILITY:

16. If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

## SIGNATORIES BIND PARTIES:

17. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and Order. This Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: May 29, 2008

_Patricia A. Berne_
Plaintiff PATRICIA BERNE

Dated: May 29, 2008

_[signature]_
Defendant CHAMPS SPORTS

Dated: May 29, 2008

_[signature]_
Defendant FOOT LOCKER RETAIL, INC.

APPROVED AS TO FORM:

Dated: May 29, 2008

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN
_[signature]_
Attorneys for Plaintiff
PATRICIA BERNE

Dated: May 29, 2008

WILLIAM C. MARTUCCI
SHOOK HARDY & BACON LLP
_[signature]_
Attorneys for Defendants
CHAMPS SPORTS; FOOT LOCKER RETAIL, INC.; EMPORIUM MALL LLC; WESTFIELD CORPORATION; and SAN FRANCISCO CENTRE ASSOCIATES, L.P.

LAW OFFICES OF
PAUL L. REIN
300 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Settlement Agreement and Order: Case No.
C07-1509 WHA
- 8 -

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: July 11, 2008.

*IT IS SO ORDERED*
*Judge William Alsup*

HON. WILLIAM H. ALSUP
U.S. DISTRICT JUDGE

Attachment A to Settlement Agreement and Order
Demery v. Champs Sports, et al., Case No. C07-1509 WHA
Page 1 of 3

Case 3:07-cv-01509-WHA Document 44-1 Case No. C07-1509 WHA Page 1 of 15 of 13

Champs Sports agrees that, in lieu of litigation over the matters that have been raised by Plaintiff, Champs Sports will perform the following actions. Plaintiff agrees that the performance of these actions shall satisfy the non-monetary requirements of Defendants under the agreement to which this list is attached.

By virtue of Champs Sports' agreeing to take the actions set forth herein, none of the Defendants has in any way admitted that it is required by law to do any of the things described below. Nor has any of the Defendants admitted liability to the Plaintiff or admitted that it has done something to cause harm to Plaintiff. Simply put, the actions described below are in the nature of an agreement to avoid further litigation of a matter that is disputed between the parties to this agreement.

1. **Store Entrance – Signage:** Champs Sports will place a sign inside the entrance to the store, providing notice that there is disabled access to the store. The sign shall be posted on the front face of the column that is located to the left of the escalators when looking in from outside the store, so that it will be visible to customers immediately upon entering the store. The sign will be a sixteen-inch square (16" by 16") and will include the following: (i) a dark blue background, (ii) a white, sans-serif font, (iii) the International Symbol of Accessibility ("ISA"), (iv) the words "Accessible Entrance", (v) an arrow that points in the direction of the wheelchair lift that is installed at the store, (vi) the words "Weight Capacity: 450 pounds (205 kilograms)", (vii) the words "In case of emergency, dial 911", and (viii) the words "Pacific Access Contractors: (650) 364-5722". This sign shall be posted so that its top edge is 60" inches from the floor.

2. **Wheelchair Lift – Training and Policies:** Champs Sports will provide to each of its employees who work at the San Francisco Centre location training on how to promptly respond to requests for assistance with the store's wheelchair lift. The training shall cover procedures for the safe and reliable operation of the lift, and shall also include instruction to stow the lift at the bottom of the run while the customer is in the store, thus turning off the audible warning sound that accompanies operation of the lift as soon as practicable when the lift is not actually in operation. At their option, defendants shall either (a) install a two-way communication system to communicate with employees or (b) include in their training and in their store policies a provision that when the lift buzzer sounds, an employee must <u>immediately</u> go to the top of the lift and inform the patron that assistance with the lift will be forthcoming. Since Champs Sports has a policy of not allowing minor employees to operate the lift, Champs Sports will ensure that at all times, there is at least one employee on duty who is at least 18 years of age, is fully trained in the use of the wheelchair lift, and is willing to assist customers in using the wheelchair lift.

3. **Wheelchair Lift – Signage:** Champs Sports will place a sign near the upper terminal location of the wheelchair lift installed in the store. The sign shall be posted on the

2957794v1

same column as the sign described in paragraph 1 above, but it will be placed on the face of that column that faces to a person's left when the person is looking at the column from outside the store entrance. This sign will also be a sixteen-inch square (16" by 16"). It will include the following: (i) a dark blue background, (ii) a white, sans-serif font, (iii) the words "Press the intercom call button for assistance", (iv) instructions explaining the customer's role in operating the lift as stated on the lift itself, but in a larger font (at least 12-point). This sign may also include warnings or other information that Champs Sports wishes to convey to patrons who may use the wheelchair lift. This sign shall be placed so that its top edge is 36" inches from the floor.

4. **Wheelchair Lift – Smoke Curtain:** Champs Sports will consult the appropriate engineering and/or fire authorities regarding a proposal to move the smoke curtain that is installed near the base of the stairwell where the platform wheelchair lift is installed. If the smoke curtain can be moved consistent with prevailing fire codes as interpreted by the appropriate fire authorities, then the smoke curtain will be moved so that it is not installed in the area directly above the travel path of the lift. If the smoke curtain is required to be above the existing travel path of the lift, then the training provided to Champs Sports employees regarding the lift will include instruction to be cautious about the low clearance that results by operation of the contrasting fire code. Clearly visible tape bearing the Champs Sports name and logo shall be placed along the bottom of the smoke curtain.

5. **Store Aisles:** Champs Sports shall maintain store aisles so that there is a minimum aisle width of 36 inches along any permanent wall and a minimum aisle width of 32 inches between moveable fixtures.

6. **Entry Platform – Assistance with Merchandise – Signage:** Champs Sports shall ensure that any merchandise that is displayed on the raised platform level at the base of the escalators will be kept clearly visible to patrons at the lower level. Moreover, Champs Sports will place a sign next to one of the handrails that leads up to this platform, and that shall state, "For assistance with merchandise, please ask a sales associate." The sign shall be on a dark blue background, and the text shall be in a white, sans-serif font. The sign shall be placed so that its top edge is 36" inches from the floor. Moreover, store associates will be trained to provide prompt assistance in response to any such request for assistance.

7. **Entry Landing – Handrails:** Champs Sports will replace existing handrails leading from the main store level to the landing area at the base of the escalators with handrails that are between 34" and 38" above the nosing of the stair treads. The handrails will have a diameter between 1.25 and 1.5 inches.

8. **Dressing Room:** Champs Sports will ensure that, so long as there is a dressing room being utilized in the store, the area immediately outside of the dressing room (the strike side clearance and door landing) shall be kept clear of boxes and other

2957794v1

Attachment A to Settlement Agreement and Order
Beebe v. Champs Sports, et al., Case No. C07-1365 WHA
Page 3 of 3

obstructions so that a person in a wheelchair may approach the door and open the door to the dressing room.

9. **Clear Path to Lift:** Champs Sports will ensure that the path between the store entrance and the top of the platform wheelchair lift is not blocked or obstructed by merchandise, displays, trash, or other materials, but rather that it is kept unobstructed at all times during store hours.